<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALFRED SMITH,<br><br>     Plaintiff,<br><br>   v.<br><br>THE CITY OF PLAINFIELD; PLAINFIELD CITY POLICE DEPARTMENT; POLICE OFFICER EDWARD JACKSON; POLICE OFFICER CHARLES MARTINA; PETER BENZA; UNION COUNTY PROSECUTOR'S OFFICE; and NEW JERSEY DEPARTMENT OF THE TREASURY,<br><br>     Defendants. | Civil Action No.: 15-7258 (ES) (MAH)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

**I. INTRODUCTION**

  Pending before the Court is Plaintiff Alfred Smith's Rule 41(a)(2) Motion for Voluntary Dismissal against Defendants City of Plainfield, Plainfield City Police Department, Police Officer Edward Jackson, and Police Officer Charles Martina (the "City Defendants"). (D.E. No. 29). The City Defendants filed opposition. (D.E. No. 30). The Court decides Plaintiff's Motion without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons that follow, Plaintiff's Motion is granted.

**II. BACKGROUND**

  On October 1, 2015, Plaintiff filed this action against the City Defendants, as well as the Union County Prosecutor's Office, Assistant Union County Prosecutor Peter Benza, and the New Jersey Department of the Treasury (the "State Defendants"). (D.E. No. 1, Complaint). Plaintiff's Complaint asserts common-law tort claims, federal and state civil and constitutional rights claims,

1

and state statutory violations resulting from his allegedly wrongful arrest, identification, prosecution, and incarceration.  (*See generally id.*).

The City Defendants filed their answer on January 12, 2015.  (D.E. No. 5).  The State Defendants filed a motion to dismiss on February 26, 2016.  (D.E. No. 9).  The City Defendants filed their motion for judgment on the pleadings on March 31, 2016.  (D.E. No. 21).

On May 2, 2016, Plaintiff filed a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) as to the State Defendants.  (D.E. No. 28).  Because that notice was filed before the State Defendants filed an answer or a motion for summary judgment, the action was automatically dismissed as against the State Defendants.  *See* Fed. R. Civ. P. 41(a)(1)(A)(i); *In re Bath and Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 165 (3d Cir. 2008) (noting that the effect of a Rule 41(a)(1)(A)(i) notice "is automatic: the defendant does not file a response, and no order of the district court is needed to end the action").

On May 3, 2016, Plaintiff filed the instant Motion for Voluntary Dismissal under Rule 41(a)(2) against the City Defendants.  (D.E. No. 29).  The City Defendants filed opposition.  (D.E. No. 30, Brief in Opposition to Plaintiff's Cross-Motion and in Support of Defendants' Motion for Judgment on the Pleadings ("Def. Opp. Br.")).  Plaintiff's Motion for Voluntary Dismissal is ripe for determination.

**III.   LEGAL STANDARD**

Federal Rule of Civil Procedure 41 provides two methods by which a plaintiff may voluntarily dismiss an action without a court order.  Fed. R. Civ. P. 41(a)(1)(A).  First, a plaintiff may file a notice of dismissal prior to the opposing party's service of an answer or a motion for summary judgment.  Fed. R. Civ. P. 41(a)(1)(A)(i).  Second, a plaintiff alternatively may file "a stipulation of dismissal signed by all parties who have appeared."  Fed. R. Civ. P. 41(a)(1)(A)(ii).

If neither of those methods is available, a plaintiff wishing to voluntarily dismiss an action must obtain a "court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Because the City Defendants have already filed an answer in this matter, (D.E. No. 5), Plaintiff's request for dismissal is governed by Rule 41(a)(2), requiring an order from this Court.

Although it is within the district court's discretion whether to grant a motion for dismissal under Rule 41(a)(2), *Sery v. Fed. Bus. Ctrs., Inc.*, 616 F. Supp. 2d 496, 504 (D.N.J. 2008) (citing *Sinclair v. Soniform, Inc.*, 935 F.2d 599, 603 (3d Cir. 1991)), such a motion generally "should not be denied absent substantial prejudice to the defendant," *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 171 (D.N.J. 2013) (internal quotation marks omitted) (quoting *Sporn v. Ocean Colony Condo. Ass'n*, 173 F. Supp. 2d 244, 255 (D.N.J. 2001)).[1] Indeed, "unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit," dismissal should be permitted. *See United States ex rel. Haskins v. Omega Inst.*, 11 F. Supp. 2d 555, 570 (D.N.J. 1998) (citation omitted).[2] A court must, in any event, be mindful of the relevant equities and seek to do justice when addressing a Rule 41(a)(2) motion. *Id.* (citation omitted).

The factors to be considered when determining whether "voluntary dismissal is likely to result in prejudice to the defendant" include "the expense of a second litigation, the effort and expense incurred by a defendant in preparing for trial in the current case, the extent to which the current case has progressed, and plaintiff's diligence in bringing the motion to dismiss." *Sporn*,

---

[1] *See also Lugus IP, LLC v. Volvo Car Corp.*, 32 F. Supp. 3d 528, 537 (D.N.J. 2014) ("A plaintiff's voluntary dismissal under Rule 41(a)(2) requires court approval, though the general rule provides that such a motion should be granted liberally." (citing *Baldinger v. Cronin*, 535 F. App'x 78, 80 (3d Cir. 2013) (per curiam))), *aff'd*, 604 F. App'x 932 (3d Cir. 2015) (per curiam).

[2] *See also Sery*, 616 F. Supp. 2d at 504 ("A court may deny voluntary dismissal where the party opposing dismissal can show some plain legal prejudice." (citing *Waterloov Gutter Prot. Sys. Co. v. Absolute Gutter Prot., L.L.C.*, 64 F. Supp. 2d 398, 409 (D.N.J. 1999)).

173 F. Supp. 2d at 255 (citation and internal quotation marks omitted).  Also, although not explicitly recognized as a factor to consider on a Rule 41(a)(2) motion, some courts in this district have examined whether the filing of a Rule 41(a)(2) motion is an attempt at forum shopping in their respective decisions.  *See, e.g.*, *Morano v. BMW of N. Am., LLC*, No. 12-606, 2015 WL 3660324, at *3-4 (D.N.J. June 11, 2015); *Bringa v. Roque*, No. 13-3296, 2015 WL 857884, at *4 (D.N.J. Feb. 27, 2015); *Atkinson v. Forest Research Inst., Inc.*, No. 13-4703, 2015 WL 790220, at *5-6 (D.N.J. Feb. 25, 2015); *Soderberg v. Forest Research Inst., Inc.*, No. 14-2022, 2014 WL 5529357, at *6 (D.N.J. Nov. 3, 2014); *Gravely v. Wabash Nat'l Corp.*, No. 09-5435, 2010 WL 3502757, at *1-2 (D.N.J. Aug. 31, 2010).

## IV. DISCUSSION

Plaintiff urges the Court to "exercise its broad discretion and follow the general principle of granting a motion for voluntary dismissal without prejudice," (D.E. No. 29-2, Plaintiff's Brief in Support of Cross Motion and in Opposition to Motion for Judgment on the Pleadings ("Pl. Mov. Br."), at 10), because consideration of the Rule 41(a)(2) factors shows "that the City Defendants will suffer absolutely no legal prejudice . . . from [such] a voluntary dismissal," (*id.* at 9-10). Plaintiff provides reasons, discussed below, why each of the four factors used to determine prejudice in Rule 41(a)(2) cases weighs in favor of granting dismissal here.  (*See id.*).

The City Defendants' opposition, however, does not address Plaintiff's arguments as to those factors, nor does it expressly address those factors at all.  (*See generally* Def. Opp. Br. at 1-5).  In fact, the City Defendants do not explain how they might suffer any prejudice upon the granting of Plaintiff's Motion, save for a reference to the interests of "convenience and fairness to all parties" in arguing for denial.  (*See id.* at 5).  Instead, the City Defendants' opposition is concerned with forum shopping, judicial efficiency, and wasting resources.  (*Id.* at 2-5).

4

The Court discusses the Rule 41(a)(2) factors and the concerns raised by the City Defendants in turn and, for the following reasons, finds that, on balance, the factors in favor of dismissal outweigh the factors not favoring dismissal.

1. Expense of a Second Litigation

This factor weighs in favor of dismissal. Nothing suggests that Plaintiff's filing of an action in New Jersey Superior Court—which, Plaintiff's say, would "assert[] all of the same claims as those alleged here," (Pl. Mov. Br. at 9)—would cause the City Defendants to incur unreasonable expenses in defending such an action. The City Defendants do not dispute Plaintiff's argument under this first factor, that "[t]he expenses the City Defendants will incur in the subsequent litigation in state court likely will not rise to a level any greater than what the City Defendants would incur in this action," (*id.*). Moreover, the City Defendants are already aware of the claims asserted and allegations that Plaintiff aims to use in support of those claims, and have fashioned an answer and dispositive motion in defense; thus, to reach a stage in a subsequent litigation that corresponds to this matter's present posture, the City Defendants would bear minimal, if any, additional costs. In other words, this litigation is in its early stages and the City Defendants have already done much of the work that would be needed to defend an identical state court action. The Court finds that any additional expenditures that the City Defendants might incur are insufficient to qualify as "substantial prejudice" under the first factor.

2. City Defendants' Effort and Expense Incurred Preparing for Trial

The second factor also weighs in favor of dismissal. Nothing suggests that the City Defendants have expended such "effort and expense" in preparing for trial in this matter that they would be substantially prejudiced by dismissal. Plaintiff argues that "the City Defendants have filed only an Answer and the instant motion for judgment on the pleadings," that "[n]o discovery

5

has occurred to date and, indeed, the Court stayed all discovery pending the outcome of the pending motions," and that, therefore, "the City Defendants have not expended any substantial effort and certainly have not incurred any significant expenses at this early stage in the litigation." (*Id.*). Again, the City Defendants do not attempt to refute Plaintiff on this score. Left with no response, the Court takes the City Defendants' silence as a concession that they have not expended effort and incurred expense thus far such that they would be substantially prejudiced by granting Plaintiff's Motion. Further, the Court notes that the procedural history of this matter alone suggests that this second factor weighs in favor of dismissal—the Complaint was filed in late 2015, (D.E. No. 1); no discovery has occurred in this case, (*see* D.E. dated 4/4/16 (setting initial scheduling conference for 4/15/16); D.E. No. 27 (4/15/16 Order staying all discovery)); and the City Defendants have thus far filed only an answer, (D.E. No. 5), a motion for judgment on the pleadings, (D.E. No. 21), and a brief in further support of that motion and in opposition to Plaintiff's Rule 41(a)(2) Motion, (D.E. No. 30).

    3.  <u>Extent to which the Current Case has Progressed</u>

This factor also weighs in favor of granting Plaintiff's Motion. As previously discussed, this case has not progressed beyond the pleading stage, and no discovery has occurred in this matter. The City Defendants do not—and cannot—counter Plaintiff's description of this action as "in its infancy," (Pl. Mov. Br. at 9). Accordingly, the Court finds that the third factor weighs in favor of dismissal.

    4.  <u>Plaintiff's Diligence in Bringing this Motion</u>

The fourth factor also weighs in favor of granting Plaintiff's Rule 41(a)(2) Motion. Nothing suggests that Plaintiff lacked diligence in filing his Motion, and the City Defendants do not argue to the contrary. In fact, Plaintiff filed his Motion a mere seven months after his

Complaint was filed, (*see* D.E. Nos. 1, 29), less than four months after the City Defendants answered, (*see* D.E. Nos. 5, 29), one month after the City Defendants filed their motion for judgment on the pleadings, (*see* D.E. Nos. 21, 29), and before any significant progress in this matter had commenced. The Court finds that Plaintiff was reasonably diligent in filing his Motion for voluntary dismissal under Rule 41(a)(2).

    5.  Additional Concerns Raised by City Defendants

The City Defendants argue that Plaintiff's Motion should be denied because it is "a manipulative attempt to forum-shop," (Def. Opp. Br. at 4), and because of "interests of judicial economy, convenience and fairness to all parties," (*id.* at 5). This Court does not agree.

Forum shopping is "[t]he practice of choosing the most favorable jurisdiction or court in which a claim might be heard." *Forum-shopping*, Black's Law Dictionary (8th ed. 2004). There is no evidence that Plaintiff intends to forum shop by filing his Rule 41 Motion. While the City Defendants correctly note Plaintiff's stated intention to re-file this precise action in New Jersey Superior Court, (Def. Opp. Br. at 4), they do not explain how litigating this action in state court would be more favorable to Plaintiff.

The City Defendants claim that Plaintiff filed this Motion to moot the City Defendants' pending motion for judgment on the pleadings. (*Id.*). To the extent the City Defendants intend that to be evidence of forum shopping, the Court does not see how that result would be favorable to Plaintiff: if Plaintiff files the same claims in state court, the City Defendants would presumably file a responsive motion or another motion for judgment on the pleadings against which Plaintiff would have to defend.

Moreover, the City Defendants assert that upon Plaintiff's filing of a state court action, they would simply remove the action to federal court, (*id.* at 4-5), which, assuming Plaintiff was

7

aware of that possibility, belies the notion that Plaintiff's Rule 41 Motion was filed to obtain a more favorable jurisdiction.

In any event, even if the Court accepted the City Defendants' assertion that Plaintiff seeks a more favorable forum through his Motion, "[t]he desire for a more favorable forum . . . may be considered" in analyzing a Rule 41 motion, but that desire "*does not require denial*." *Bringa*, 2015 WL 857884, at *4 (emphasis added); *see also Morano*, 2015 WL 3660324, at *3 (concluding that the prospect of the plaintiff "later refil[ing] his action elsewhere"—*i.e.*, "the possibility of 'forum shopping,'"—does not, without more, constitute prejudice); *In re Paulsboro Derailment Cases*, No. 13-784, 2015 WL 1138452, at *3 n.7 (D.N.J. Mar. 13, 2015) (citing *DuToit v. Strategic Minerals Corp.*, 136 F.R.D. 82, 85-86 (D. Del. 1991) ("[A] plaintiff's purported desire to avoid a potential adverse determination does not warrant denial of voluntary dismissal unless the plaintiff's motion follows an indication by the court that it intends to rule against the plaintiff on the pending motion.")); *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 299 (5th Cir. 2016) (holding that, in a Rule 41(a)(2) analysis, "the potential for forum-shopping does not count as legal prejudice"). Indeed, courts in this district appear to have simply considered forum-shopping as a factor additional to the aforementioned Rule 41(a)(2) factors. *See, e.g.*, *Morano*, 2015 WL 3660324, at *3-4; *Bringa*, 2015 WL 857884, at *4; *Atkinson*, 2015 WL 790220, at *5-6; *Soderberg*, 2014 WL 5529357, at *6; *Gravely*, 2010 WL 3502757, at *1-2. Because all of the Rule 41(a)(2) factors weigh in favor of granting dismissal, any evidence of forum shopping would not alter the conclusion that dismissal is appropriate.

As to the City Defendants' concerns with judicial economy, convenience, and fairness to the parties, the Court is unmoved. The State Defendants have already been dismissed under Rule 41(a)(1)(A)(i) and, presumably, Plaintiff will be filing the same claims against the State

8

Defendants in state court. If Plaintiff's Rule 41(a)(2) Motion were denied, and Plaintiff's claims against the City Defendants were to continue in this Court, Plaintiff would be litigating the same claims against two different defendants in two different fora. More likely, the State Defendants would remove the filing to federal court, and motion practice would ensue to consolidate that removed case with the present action against the City Defendants. In either scenario, the resulting litigation would require the expenditure of at least as much judicial resources as would granting Plaintiff's Motion. And the City Defendants retain the ability to remove this matter to federal court, if Plaintiff does indeed file the same claims in state court and the City Defendants wish to remove; nothing about granting Plaintiff's Motion suggests an unreasonable inconvenience or any unfairness to the parties.

## V.  CONCLUSION

In sum, granting Plaintiff's Motion will not cause the City Defendants substantial prejudice. All of the factors used in gauging whether a Rule 41(a)(2) dismissal would result in substantial prejudice indicate an absence of such prejudice and therefore weigh in favor of permitting voluntary dismissal.[3]

Plaintiff "acknowledges that he cannot maintain suit against the [Plainfield City] Police Department as a separate, independent legal entity." (Pl. Mov. Br. at 2 n.2). Accordingly, Plaintiff's claims against the Plainfield City Police Department are dismissed *with prejudice*. As to the remaining City Defendants, this action is dismissed *without prejudice* to Plaintiff's right to re-file his claims in the New Jersey Superior Court.

An appropriate order accompanies this opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[3] In light of the Court's grant of Plaintiff's Motion, the Court declines to address the City Defendants' arguments relating to the statute of limitations, Tort Claims Act notice, and qualified immunity. (*See* Def. Opp. Br. at 6-17).